927 F.2d 595
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
FAYETTEVILLE, CUMBERLAND COUNTY BLACK DEMOCRATIC CAUCUS;
Robert A. Edwards; Clinton Harris; Theodore
James Kinney, on behalf of themselves
and all others similarly
situated,
Plaintiffs-
Appellants,
v.
CUMBERLAND COUNTY, NORTH CAROLINA; the Cumberland County
Board of County Commissioners; Johnnie Evans; J. MCN.
Gillis; Robert C. Lewis, Jr.; Mary E. Mcallister;
Virginia Thompson Oliver, as members of the Cumberland
County Board of County Commissioners, their successors and
agents; the Cumberland County Board of Elections; Rosalind
Hutchens; Louis A. Waple, as members of the Cumberland
County Board of Elections, their successors and agents; Ann
Barbour, in her capacity as Supervisor of the Cumberland
County Board of Elections, Defendants-Appellees.
 No. 90-2029.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 3, 1990.
Decided Feb. 28, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Malcolm J. Howard, District Judge. (CA-88-22-3-CIV)
 Clifford Leon Lee, II, Fayetteville, N.C., argued for appellants.
 Gonzales B. Johnson, Office of the County Attorney, Fayetteville, N.C., argued for appellees.
 E.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, CHAPMAN, Circuit Judge, and NORTON, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Plaintiffs appeal a district court order granting defendants' motion to dismiss this voting rights action and denying plaintiffs' motion for summary judgment and motion for preliminary injunction. For the reasons stated below, we affirm the district court's order.
 
 I.
 
 2
 Plaintiff Fayetteville, Cumberland County Black Democratic Caucus is an incorporated association of residents of Cumberland County, North Carolina. Plaintiffs Robert A. Edwards, Clinton Harris and Theodore James Kinney are three black individuals who are registered to vote in Cumberland County. They are bringing this action on behalf of themselves and on behalf of the black voters of Cumberland County. On March 2, 1988, the Caucus, Edwards, Harris and Kinney (hereinafter referred to collectively as the "Caucus") filed this action against Cumberland County, North Carolina; the Cumberland County Board of County Commissioners, its individual commissioners and their successors and agents; and the Cumberland County Board of Elections, its individual members and their successors and agents (hereinafter referred to collectively as the "County"), alleging that the five-member, at-large method of electing county commissioners diluted minority voting strength and denied members of the Caucus the opportunity to elect representatives of their choice, in violation of Sec. 2 of the Voting Rights Act of 1965, 42 U.S.C. Secs. 1973 and 1983. The Caucus sought as relief the implementation of a new method of nominating and electing county commissioners in the form of a seven-member board elected from single-member districts.
 
 
 3
 On July 11, 1988, the Cumberland County Board of County Commissioners (the "Board") adopted by resolution a new voting plan which addressed minority concerns and it promptly submitted the plan to the United States Department of Justice for preclearance. The new plan provided for seven members, two of which were to be elected from a district having a predominantly black voting population, three of which were to be elected from a district having a predominantly white voting population and two of which were to be elected at-large. On August 18, 1988, the County filed a motion for stay of proceedings, requesting that the district court stay the instant action until the Justice Department responded to the proposed voting plan.
 
 
 4
 On October 24, 1988, the Caucus filed a motion for preliminary injunction, in which it requested that the district court enjoin the November 8, 1988 county election. The Caucus did not file a supporting memorandum with its motion. On the same day, the County filed with the district court the affidavit of Robert C. Lewis, Jr., Chairman of the Board. In his affidavit, Mr. Lewis indicated that the majority of the Board was willing to seek a compromise of the instant action.
 
 
 5
 The district court denied the Caucus' motion for preliminary injunction and granted the County's motion for stay of proceedings. The court refused to enjoin the election because the Caucus failed to provide evidence sufficient to show that it would likely succeed on the merits[1] and because the court believed it would be imprudent to interrupt the scheduled election at such a late date.[2] Subsequently, the Justice Department precleared the voting plan previously adopted by the Board.
 
 
 6
 In light of the preclearance, the County filed a motion to dismiss for mootness, since the voting system challenged by the Caucus was no longer viable. The district court denied the motion and allowed the Caucus 20 days to amend its pleadings in order to address the lawfulness of the new, precleared voting plan.
 
 
 7
 The Caucus did not heed the court's suggestion that it amend its pleadings. Instead, it filed a motion for summary judgment on September 20, 1989 and a second motion for preliminary injunction on October 25, 1989, this time to enjoin the County from holding the May 8, 1990 elections. Neither motion was accompanied by a memorandum. The County responded by filing a second motion to dismiss, again for mootness.
 
 
 8
 On January 5, 1990, the Caucus filed a "Motion to File Supporting Briefs," in which it requested permission to file memoranda in support of its motions for preliminary injunction and summary judgment. Not until January 11, 1990 did the Caucus file a memorandum in support of its January 5 motion. On January 24, 1990, the district court denied the Caucus' motion to file supporting briefs, its motion for preliminary injunction and its motion for summary judgment, and granted the County's motion to dismiss. It cited as reasons for its decision the Caucus' failure to amend its pleadings to address the new voting plan; the Caucus' insistence on litigating the lawfulness of the scuttled five member plan; the paucity of facts relied upon by the Caucus in support of its claims; and the failure by the Caucus to file supporting memoranda. The Caucus now appeals this decision and argues, first, that the district court erred in enforcing a local rule which requires parties to file accompanying memoranda with motions, and, second, that the district court erred in denying its motions for preliminary injunction and summary judgment.
 
 II.
 
 9
 The Caucus challenges the district court's enforcement of Local Rule 4.04,[3] asserting that the court acted arbitrarily and capriciously in denying its motions for summary judgment and preliminary injunction merely because the Caucus failed to file supporting memoranda as is required by the local rule. The Caucus argues, in essence, that in allowing it to file some motions without supporting memoranda, the court tacitly condoned the practice and when the court later enforced the local rule, it acted improperly.
 
 
 10
 At the outset, we find that the Caucus misinterpreted the district court's denial of the Caucus' motions as being based solely on the Caucus' failure to comply with Rule 4.04. It is apparent to us that the district court did not deny the Caucus' motions simply because the Caucus failed to adhere to some formality. The court denied the motions because they were meritless. When the court considered the Caucus' motions for preliminary injunction and summary judgment, it had before it a complaint which challenged the lawfulness of a system which was no longer viable; motions without supporting memoranda; and a scant amount of evidence in support of the claims.[4] When faced with this veritable dearth of support, the court had no choice but to deny the Caucus' motions and dismiss the case. We hold that in so doing, the district court acted properly.
 
 
 11
 Even if the district court based its denial of the motions solely on the Caucus' failure to comply with Rule 4.04, we hold that it was not arbitrary and capricious to do so, but was within the court's discretion. When the court permitted the Caucus to proceed on its initial preliminary injunction motion without an accompanying memorandum it did so because the parties and the court were under severe time constraints at that time. However, such extenuating circumstances were not present when the court considered the Caucus' second preliminary injunction motion and its motion for summary judgment, and therefore the court properly refused to excuse the Caucus yet again.
 
 
 12
 The Caucus failed on at least three separate occasions to file memoranda with its motions. In addition, the Caucus ignored the court's recommendation that it amend its pleadings to address the lawfulness of the new precleared voting plan. Simply because the court exhibited leniency in allowing the Caucus to proceed without filing a memorandum once, it does not follow that it was compelled to continue that leniency. The court gave the Caucus a considerable amount of latitude throughout the course of the proceedings and, when its patience was finally exhausted, the court acted properly in enforcing the local rule.
 
 III.
 
 13
 The Caucus argues next that, notwithstanding its failure to file supporting memoranda, the district court erred in denying the motions for preliminary injunction and summary judgment. It asserts that Mr. Lewis' affidavit and his testimony regarding the Board's resolution constituted evidence sufficient to support its motions.
 
 
 14
 The Caucus' argument is without merit. We have already held that it was within the court's discretion to deny the Caucus' motions because the Caucus violated Rule 4.04 by failing to file accompanying memoranda. But more importantly, we find that the district court properly denied the motions because they addressed the lawfulness of a voting system that was no longer viable. A court should not consume its time, or the means and substance of the parties, by resolving a dispute that is no longer a case or controversy. United States v. R.J. Reynolds Tobacco Co., 416 F.Supp. 316, 323 (D.N.J.1976). Because the Board adopted a new voting plan and that plan has been precleared by the Justice Department, any challenges to the old five-member plan are now moot.[5]
 
 
 15
 For the foregoing reasons, we affirm the district court's order denying the Caucus' motions for preliminary injunction and summary judgment and granting the County's motion to dismiss.
 
 AFFIRMED
 
 
 [1]
 A United States magistrate judge held an evidentiary hearing on the motion for preliminary injunction on October 27, 1988. At the hearing, the Caucus called two witnesses to testify. First, Theodore J. Kinney, a named plaintiff and chairperson of the Caucus, testified in an anecdotal manner about lack of black participation in the county political process. Second, Mr. Lewis testified that on October 25, 1988 the Board passed a resolution committing it to seek a compromise with the Caucus and he testified that the County would not attempt to defend the constitutionality of the challenged voting system
 The Caucus argued at the hearing that proof of the County's willingness to compromise coupled with the County's admission tha it did not intend to defend the constitutionality of its voting system constituted evidence that the voting system was unlawful. However, the magistrate judge refused to characterize the testimony and affidavit of Mr. Lewis as an implicit admission by the Board of a voting rights violation. He stated, "without further testimony and evidence in this regard, and there clearly was none, the court is unwilling to ascribe such an ominous character to these documents on such a sparse record."
 
 
 [2]
 Additionally, the court admonished the Caucus for filing its motion without a supporting memorandum
 
 
 [3]
 Rule 4.04 of the Local Rules of Practice and Procedure of the United States District Court for the Eastern District of North Carolina states, "except for motions which the Clerk may grant as specified in Local Rule 9.00, all motions made other than in a hearing or trial should be filed with an accompanying memorandum in the manner prescribed by Local Rule 5.01. Where appropriate, motions shall be accompanied by affidavits or other supporting documents."
 
 
 [4]
 Of course, the failure to file memoranda was necessarily a factor in the court's decision, for without the benefit of detailed arguments in support of these motions, the court was faced with a formidable task in assessing the merits of the motions
 
 
 [5]
 Because we hold that the district court properly denied the Caucus' motions for preliminary injunction and summary judgment on other grounds, we deem it unnecessary to consider whether the Caucus produced evidence sufficient to prove that the now-defunct voting system was unlawful